ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Jul-31 07:52:26
60CV-17-3970
C06D12 : 16 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

| | |
|---|---|
| CINDY LUCAS, for Herself and All Other Arkansans Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> **FFIF-ACM OPPORTUNITY FUND,** <br><br> Defendant. | Case No. _____ |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff Cindy Lucas ("Lucas" or "Plaintiff") for herself and for all other Arkansas citizens similarly situated, and for her class action complaint against Defendant FFIF-ACM Opportunity Fund ("FFIF" or "Defendant"), alleges as follows:

## INTRODUCTION

1. Lucas brings her class action claims on behalf of all Arkansans similarly situated and against FFIF. Defendant was not licensed as a debt collector with the Arkansas State Board of Collection Agencies (ASBCA) during the time it attempted to collect the alleged debt at issue in its Complaint filed against Lucas in Pulaski County District Court.

2. On September 11, 2014, the Arkansas Supreme Court ruled that

- an entity that purchases delinquent accounts and then retains a licensed Arkansas lawyer to collect on the delinquent accounts and file lawsuits on its

behalf in Arkansas is "attempting to collect," thus meeting the definition of "collection agency," under Ark. Code Ann. § 17-24-101, and

- an entity that purchases delinquent accounts and filed lawsuits on its behalf in Arkansas is "attempting to collect" and, thus, must be licensed with the ASBCA under Ark. Code Ann. § 17-24-301 because it purchases and attempts to collect delinquent accounts. *See Simpson v. Cavalry SPV I, LLC*, 2014 Ark. 363 (2014).

3. FFIF's failure to obtain the required license prior to attempting to collect debts from Lucas and other Arkansas citizens violates the the Arkansas Fair Debt Collection Practices Act ("AFDCPA"), Ark. Code Ann. § 17-24-501, *et seq.*, the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101, *et seq.*, and the common law.

## PARTIES

4. Plaintiff Cindy Lucas is a citizen of Pulaski County, Arkansas. Lucas seeks damages for her time, labor, and expense in investigating the claims and hiring counsel and working with counsel to defend the unlicensed and improper collections actions by FFIF. She also seeks damages for the worry, anxiety, and emotional distress that FFIF's improper and unlicensed collections actions have caused her. She also seeks statutory and punitive damages. Finally, she seeks her attorneys' fees and costs in defending against the claims FFIF has wrongfully pursued against her and in pursuing her counterclaims against FFIF. Lucas is a resident of Pulaski County, Arkansas, and is a "consumer" as defined by 15

U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2), and "any person" as defined by 15 U.S.C. § 1692d.

5. Defendant FFIF is a foreign limited liability company located in Georgia. At the time FFIF sued Lucas in Pulaski County District Court, FFIF was a "debt collector" and "debt buyer" as defined by Ark. Code Ann. § 17-24-502(5)(A), and was attempting to collect a "debt" and met the definition of "collection agency," under Ark. Code Ann. § 17-24-101. The registered agent for service of process for FFIF is The Corporation Company, 124 W. Capitol Ave., Suite 1900, Little Rock, AR 72201.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under Ark. Const. Amend. 80 § 6(A), which makes the trial court "the original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution."

7. This Court has personal jurisdiction over FFIF under Ark. Code Ann. § 16-4-101(B) and the due process clause of the Fourteenth Amendment to the United States Constitution. Further, FFIF has consented to jurisdiction by instituting its debt collection lawsuit against Lucas in Pulaski County, Arkansas.

8. Venue is proper in Pulaski County where a substantial part of the events or omissions giving rise to her claims arose and is where Lucas resided at the time her claim against FFIF arose.

## **FACTUAL ALLEGATIONS**

9. Prior to filing its Complaint against Lucas in Pulaski County District Court on October 9, 2012, FFIF made several attempts to collect the alleged debt at issue. At such times, FFIF was not a licensed debt collector with the ASBCA during these collection efforts. A copy of the Complaint is attached as Exhibit A.

10. FFIF also attempted to collect debts against numerous Arkansas residents through dunning letters and phone calls, while it was not licensed as a debt collector with the ASBCA.

11. Additionally, FFIF was also not a licensed debt collector with the ASBCA at the time it filed its Complaint against Lucas.

12. FFIF also filed debt-collection complaints against hundreds of Arkansas residents when it was not licensed with the ASBCA. The filing of these collection lawsuits is a collection activity under the AFDCPA.

13. The complaints filed and served on Lucas and the Class Members in connection and collection of a debt and in an attempt to collect a debt were all a "communication" under Ark. Code Ann. § 17-24-502(1).

14. FFIF is a collection agency as defined in Ark. Code Ann. § 17-24-101, and Ark. Code Ann. § 17-24-301 required FFIF to obtain a license from the ASBCA prior attempting to collect debts in Arkansas and from Arkansas residents. *Simpson*, 2014 Ark. 363, at p. 2.

## CLASS ACTION ALLEGATIONS

15. Lucas re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

16. The Class is defined as:

All Arkansas residents who were subject to collection actions (including both non-judicial and judicial methods of collection) by FFIF for collection of a purported debt at a time FFIF was not licensed by the ASBCA.

Excluded from the Class are the judge presiding over this civil action and his/her immediate family members, and FFIF, its members, parent, any subsidiaries, officers, directors, agents, and employees.

17. Lucas's claims are typical of debt collection efforts between FFIF and all Class Members whom FFIF attempted to collect a debt from during times it was not properly licensed to do so.

18. Lucas's claims raise issues of fact or law, which are common to Class Members. These common questions include, but are not limited to:

- whether FFIF attempted to collect debts from Arkansas residents while it was not licensed to do so with the ASBCA;

- whether FFIF's unlicensed debt-collection attempts violate the AFDCPA;

- whether FFIF's unlicensed debt-collection attempts violate the ADTPA;

- whether all money obtained from Arkansas residents subjected to FFIF's unlicensed debt-collection attempts should be disgorged and returned to the Class;

- whether FFIF was unjustly enriched;

- whether FFIF's unlicensed debt-collection attempts amount to malicious prosecution; and

- whether FFIF's unlicensed debt-collection attempts amount to abuse of process.

19. These issues are common among all Class Members and predominate over any issues affecting individual members of the Class.

20. FFIF filed numerous of debt-collection complaints in Arkansas when it was not licensed by the ASBCA.

21. FFIF has made numerous non-judicial collection efforts against Arkansas residents when it was not licensed by the ASBCA.

22. The Class Members are so numerous and scattered throughout Arkansas that joinder of all members is impracticable.

23. A class action is superior to other available methods of relief for the fair and efficient adjudication of the claims raised.

24. Absent class action relief, the Class Members would be forced to prosecute hundreds of similar claims in courts throughout Arkansas, which would waste the judicial resources and risks inconsistent outcomes.

25. The prosecution of these claims as a class action will promote judicial economy.

26. The claims raised are well suited for class action relief.

27. A class action will benefit both the Class and FFIF through a single resolution of similar or identical questions of law or fact.

28. Lucas is interested in the outcome and understands the importance of adequately representing the Class.

29. Lucas will fairly and adequately protect the interests of the Class sought to be certified.

30. Class counsel are experienced in class action and complex consumer litigation and are required to adequately represent the Class.

31. This case fully satisfies Ark. R. Civ. P. 23's requirements and should be certified as a class action.

## CAUSES OF ACTION

### Count II – Violations of the AFDCPA

32. Lucas re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

33. Prior to filing its Complaint against Lucas in Pulaski County District Court, FFIF made several attempts to collect the alleged debt at issue. FFIF was not a licensed debt collector with the ASBCA during these collection efforts.

34. FFIF also attempted to collect debts against numerous Arkansas residents through dunning letters and phone calls, while it was not licensed as a debt collector with the ASBCA.

35. FFIF's dunning letters and collection lawsuits were all collection activities under the AFDCPA.

36. The foregoing acts by FFIF constitute numerous and multiple violations of the AFDCPA.

37. The complaints filed and served on Lucas and the Class Members in connection and collection of a debt and in an attempt to collect a debt were all a "communication" under Ark. Code Ann. § 17-24-502(1).

38. FFIF is a collection agency as defined in Ark. Code Ann. § 17-24-101, and Ark. Code Ann. § 17-24-301 required FFIF to obtain a license from the ASBCA prior attempting to collect debts in Arkansas and from Arkansas residents. *Simpson*, 2014 Ark. 363, at p. 2.

39. FFIF's statements made in collection efforts through dunning letters and complaints filed in Arkansas courts falsely represented the character, amount, and legal status of the debt, and therefore violated Ark. Code Ann. § 17-24-506.

40. These statements were also the use of a false, deceptive, and misleading representation in connection with the collection of a debt, and therefore violated Ark. Code Ann. § 17-24-506.

41. These statements were the use of an unfair or unconscionable means to collect or attempt to collect a debt in violation of Ark. Code Ann. § 17-24-506.

42. These statements were used to collect a debt not permitted by law in violation of Ark. Code Ann. § 17-24-506.

43. These statements also communicated credit information to the judicial system, the general public, Lucas, and the Class Members, which were known or should have been known to be false, in violation of Ark. Code Ann. § 17-24-506.

44. FFIF's violations of the AFDCPA resulted in the Class having debt collection actions initiated against it that contained false, deceptive, and misleading information because these debt collection actions all took place when FFIF was not legally entitled to collect debts in Arkansas without first obtaining a license form the ASBCA.

45. As a result, Lucas and the Class are entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(1) in an amount to be determined at trial, statutory damages under Ark. Code Ann. § 17-24-512(a)(2)(A) in the amount of $1,000 for each violation, and attorney fees and costs under Ark. Code Ann. § 17-24-512(a)(3)(A).

### Count II – Violations of the ADTPA

46. Lucas re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

47. The ADTPA, Ark. Code Ann. § 4-88-101, *et seq.*, is designed to protect Arkansans from deceptive, unfair and unconscionable trade practices. The ADTPA is a remedial statute, which is to be liberally construed.

48. The practices employed by FFIF in attempting to collect debts and collecting debts from Lucas and the Class Members when it was not a licensed to do so with the ASBCA are unfair and unconscionable under the ADTPA, and therefore, violated the ADTPA. *See* Ark. Code Ann. § 4-88-107(a)(10).

49. As described above, FFIF violated the the AFDCPA, which is also a violation of the ADTPA with respect each debt collection attempt by FFIF.

50. FFIF engaged in "business, commerce, or trade," within the meaning of Ark. Code Ann. § 4-88-107(a)(10) and is a "person" within the meaning of Ark. Code Ann. § 4-88-102(5).

51. Further, within the meaning of Ark. Code Ann. § 4-88-113(d), FFIF "directly or indirectly" controlled others who might also be liable for violations of the ADTPA and "knew or should have known" of the violations of the ADTPA.

52. FFIF's violations of the ADTPA resulted in Lucas and the Class having illegal debt collection attempts and actual debt collections taken against them. FFIF's debt-collection attempts occurred in both judicial and non-judicial settings. FFIF's illegal debt-collection efforts, which were based on false, deceptive, and misleading information constitute willful and wanton conduct that resulted in actual damages, including mental anguish and economic damages in the form of money and labor expended to investigate the claims and hire counsel to defend the actions, and moreover, damages in the form of money taken from Class Members wrongfully.

53. FFIF is liable to the class for actual damages, attorney's fees, and costs. Ark. Code Ann. § 4-88-113(f).

### Count III – Unjust Enrichment

54. Lucas re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

55. FFIF received money to which it is not entitled and which it must restore to the Class Members.

56. FFIF's practices in collecting purported debts from Arkansas residents when it was not a licensed debt collector with the ASBCA makes its enrichments from receiving money from Class Members unjust.

57. FFIF had no right to collect alleged debts and money from Class Members when it was not licensed as a debt collector by the ASBCA.

58. FFIF has received money under these circumstances that in equity and good conscience it ought not to retain.

59. Lucas seeks disgorgement of this money and profit illegally obtained by FFIF and a return of this money and profits to Class Members.

### Count IV – Malicious Prosecution

60. Lucas re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

61. FFIF initiated and continued civil proceedings against Lucas and the Class without probable cause because it was not authorized to file such debt collection lawsuits due to its failure to obtain proper licensing from the ASBCA.

62. FFIF acted out of ill will.

63. FFIF's actions and conduct caused Lucas and the Class to suffer actual damages, including mental anguish, and money and labor expended to investigate the claims and hire counsel to defend the actions, and moreover, damages in the form of money taken from Class Members wrongfully.

## Count V – Abuse of Process

64. Lucas re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

65. FFIF set in motion civil proceedings against Lucas and Class Members in order to collect debts when it not legally authorized to do so because it was not licensed to collect debts with the ASBCA.

66. FFIF's civil proceedings were used to accomplish an ulterior purpose for which civil proceedings were not designed.

67. FFIF willfully used these civil proceedings in a manner not proper in the regular conduct of civil proceedings.

68. FFIF's actions and conduct proximately caused Lucas and the Class Members to suffer actual damages, including mental anguish, and economic damages in the form of money and labor expended to investigate the claims and hire counsel to defend the actions, and moreover, damages in the form of money taken from Class Members wrongfully.

## DECLARATORY AND INJUNCTIVE RELIEF
## Ark. Code Ann. § 16-111-101, *et seq.*

69. Lucas re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

70. Lucas and the Class are entitled to declaratory and injunctive relief pursuant to Ark. Code. Ann. § 16-111-101, *et seq.*, as follows:

a) A declaration that FFIF's Complaint filed against her was unlawful, and therefore, Lucas is entitled to dismissal of that action as it was improperly brought by FFIF at a time it was not properly licensed to collect the alleged debt from her;

b) A declaration that FFIF's Complaints filed against Class members were unlawful, and therefore, Class members in pending debt collection litigation with FFIF are entitled to dismissal of all such actions improperly brought at a time that FFIF was not properly licensed to collect alleged debts in Arkansas;

c) A declaration and injunctive relief that any Class members suffering from judgments from such actions are entitled to a voiding of such judgments issued in favor of FFIF in civil debt collection actions it filed in Arkansas courts against members of the Class at times it was not properly licensed to collect such debts in Arkansas;

d) A declaration and injunctive relief that Class members having paid sums of money to FFIF are entitled to a return of any money FFIF received from its debt-collection attempts, including but not limited to all money obtained without filing suit against Class Members, all money collected from Class Members after filing suit, and all money collected from Class Members after obtaining a Judgment against them at times FFIF was not properly licensed;

e) an order requiring FFIF to notify any Arkansas court in which it filed a civil action that FFIF had no legal right to collect on the purported debt because it was not properly licensed to pursue such debts with the ASBCA;

f) An order requiring FFIF to dismiss open and pending debt-collection civil actions in Arkansas courts instituted at times it was not licensed to collect debts with the ASBCA; and

g) An order requiring FFIF to move to set aside any Judgment obtained in a debt-collection civil action it filed in an Arkansas Court in those cases it instituted at times it as not licensed to collect debts with the ASBCA.

## **PUNITIVE DAMAGES**

71. Lucas re-alleges and incorporates the foregoing paragraphs, as if set forth, word for word.

72. Punitive damages should be imposed on FFIF to punish its wrong-doing and to deter FFIF and others from similar conduct.

73. FFIF knew or should have known, in the light of the surrounding circumstances that its conduct would naturally and probably result in the damages to Lucas and the Class Members. But, FFIF continued its conduct with malice and in reckless disregard of the consequences from which malice by be inferred. FFIF intentionally pursued its course of conduct for the purpose of causing damage.

## **JURY DEMAND**

74. Lucas demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Lucas prays for the following relief:

1) an order certifying the claims asserted herein as a class action under Ark. R. Civ. P. 23;

2) awarding Lucas and the Class judgment on each of the claims asserted herein;

3) awarding Lucas and the Class their actual damages, statutory damages, punitive damages, disgorgement of profits, costs of the litigation, attorney's fees, and pre and post judgment interest;

4) awarding declaratory and injunctive relief on behalf of Lucas and the Class as pled above; and,

5) awarding Lucas and the Class all other damages, injunctive relief, and other relief to which Lucas and the Class are entitled.

DATE: July 31, 2017

Respectfully,

POYNTER LAW GROUP

/s/ Scott Poynter

_____
Scott Poynter

Scott Poynter, AR Bar No. 90077
scott@poynterlawgroup.com
400 W. Capitol Ave., Suite 2910

15

Little Rock, AR 72201
(501) 251-1587

Bryce Brewer
**BRYCE BREWER LAW FIRM**
800 West 4th Street
North Little Rock, AR 72114
Phone: (501) 978-3030
Fax: (501) 978-3050